J-S19010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JAMAL WILLIAMS | : | |
| Appellant | : | No. 2180 EDA 2017 |

Appeal from the PCRA Order June 16, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0905881-2004

BEFORE:   SHOGAN, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY SHOGAN, J.:                          **FILED MAY 04, 2018**

Appellant, Jamal Williams, appeals from the order denying his second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

Appellant was convicted of first-degree murder, possessing instruments of crime, and criminal conspiracy[1] in 2005.  We previously stated the trial court's summary of the facts of the crime in Appellant's direct appeal:

> Parthenia Drummond and Giddion McCloud (hereinafter, also referred to as the victim) had a son together.  In June of 2003, they had known each other for 2 1/2 to 3 years.  Ms. Drummond lived at her mother's house in the 2100 block of Franklin Street.  Ms. Drummond also knew [Appellant] from the neighborhood; she had known him since elementary school.

---

[1]  18 Pa.C.S. §§ 2502(a), 907(a), and 903, respectively.

---

*   Retired Senior Judge assigned to the Superior Court.

On June 4, 2003, at around 2:00 p.m., Ms. Drummond observed the victim standing at the northwest corner of the intersection of Franklin and Diamond Streets in North Philadelphia. She saw that he was speaking with "Pudge" and moving his hands; they appeared to be arguing. When the conversation ended, Pudge walked away and made a phone call from a nearby booth. Moments later, [Appellant] and a man named Noel Echevarria turned the corner at Franklin and Susquehanna Streets and began walking down Franklin Street.[4] As they passed by Ms. Drummond's mother's house, [Appellant] opened up his jacket and started firing a gun at the victim in a spraying motion. Ms. Drummond had been about two feet from the victim when the shooting began. In the midst of his firing, Ms. Drummond begged [Appellant] to stop; however, [Appellant] simply told Ms. Drummond to get the "F" out of the way. When the shooting stopped, [Appellant] and Mr. Echevarria ran off in different directions. Ms. Drummond called 9-1-1.

At approximately 2:30 p.m., Officer Demetrius Heggs, of the 26th Police District, arrived in the 2100 block of Franklin Street in North Philadelphia. He had been flagged down by Ms. Drummond. Ms. Drummond advised Officer Heggs that someone had been shot. The Officer stopped his vehicle and observed a Black male lying partially under a black and tan Chevy Blazer. Ms. Drummond told Officer Heggs that the victim had been shot by two males dressed in all black. The victim was transported to the hospital where he was pronounced dead at 2:45 p.m.

[4] [Appellant], Pudge, and Echevarria were friends with one another and had sold drugs together.

***Commonwealth v. Williams***, 913 A.2d 949, 3479 EDA 2005 (Pa. Super. 2006) (unpublished memorandum at 2) (internal citations omitted), *appeal denied*, 923 A.2d 411 (Pa. 2007).

We summarized the initial procedural history in our disposition of Appellant's first PCRA petition:

Appellant was subsequently arrested and proceeded to a jury trial on September 20, 2005. Following a four-day trial, Appellant was found guilty of first-degree murder, criminal

- 2 -

conspiracy, and possessing instruments of crime, and was sentenced to an aggregate term of life imprisonment on September 23, 2005. On September 29, 2005, Appellant filed a post sentence motion that was denied by the trial court on December 7, 2005. Thereafter, on December 9, 2005, Appellant filed a timely notice of appeal. This Court affirmed Appellant's judgment of sentence on October 11, 2006, and our Supreme Court denied *allocatur* on May 8, 2007.

On March 19, 2008, Appellant filed a timely *pro se* PCRA petition and counsel was appointed to represent him. Appellant's counsel filed an amended PCRA petition on February 6, 2009. Thereafter, on July 30, 2009, the PCRA court issued a notice pursuant to Pa.R.Crim.P. 907 indicating that Appellant's PCRA petition would be dismissed without a hearing. On September 11, 2009, the PCRA court dismissed Appellant's petition. [A] timely appeal followed.

*Commonwealth v. Williams*, 23 A.3d 562, 2904 EDA 2009 (Pa. Super. 2010) (unpublished memorandum at 2–3) (footnotes omitted), *appeal denied*, 27 A.3d 225 (Pa. 2011). Appellant raised multiple issues of trial counsel's ineffectiveness. We affirmed the PCRA court's dismissal of the petition, and our Supreme Court declined review. *Id*.

On January 9, 2012, Appellant filed a *pro se* petition for writ of *habeas corpus* in federal court raising the same six claims that he presented to this Court in his first PCRA petition and a seventh claim of ineffective assistance of counsel. On February 25, 2015, the federal district court denied the petition with prejudice, dismissed it without an evidentiary hearing, and denied a certificate of appealability. *Williams v. Sauers*, 2015 WL 787275 (E.D. Pa. 2014) (not reported in F.Supp.3d).

- 3 -

Appellant filed the instant *pro se* PCRA petition, his second, on March 23, 2016. The PCRA court issued a notice of intent to dismiss the petition without a hearing on May 4, 2017. Appellant did not file a response. The PCRA court thereafter dismissed the petition on June 16, 2017. Appellant filed a timely notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant has filed a *pro se* brief that is noncompliant with numerous rules of appellate procedure, most notably, the failure to include the Statement of Questions Involved pursuant to Pa.R.A.P. 2116. Rule 2116 states, "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116 (a). Our review of Appellant's brief nevertheless indicates that Appellant is asserting he is entitled to relief pursuant to **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), and **Miller v. Alabama**, 132 S.Ct. 2455 (2012), thus attempting to invoke the newly recognized constitutional-right exception to the PCRA's time bar. He is mistaken.

We initially must determine whether the PCRA court had jurisdiction to review the merits of Appellant's issue. The timeliness of a PCRA petition is a jurisdictional threshold that may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (citing **Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2000)). As noted, the

trial court imposed the judgment of sentence on September 23, 2005. We affirmed the judgment of sentence on October 11, 2006, and our Supreme Court declined review on May 8, 2007. The record does not reflect that Appellant sought review in the United States Supreme Court after the Pennsylvania Supreme Court denied his petition for allowance of appeal on May 8, 2007. Accordingly, Appellant's judgment of sentence became final on August 6, 2007, ninety days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal and the time for filing a petition for review with the United States Supreme Court expired. 42 Pa.C.S. § 9545(b)(3) (stating that, for purposes of calculating the timeliness of a petition, a "judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); U.S.Sup.Ct.R. 13. Therefore, Appellant had until August 6, 2008, to file a timely PCRA petition. **See** 42 Pa.C.S. § 9545(b)(1) (A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final. . . ."). Appellant filed the instant PCRA petition on March 23, 2016, over eight years after his judgment of sentence became final. Hence, the petition is facially untimely.

The jurisdictional time bar can be overcome only by satisfaction of one of the three statutory exceptions codified at 42 Pa.C.S. § 9545(b)(1)(i)–(iii).[2] *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). Further, "[a]ny petition invoking an exception . . . shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). The PCRA petitioner bears the burden of proving the applicability of one of the exceptions. *Commonwealth v. Edmiston*, 65 A.3d 339, 346 (Pa. 2013).

Appellant appears to invoke the third exception to the PCRA timeliness requirements with reliance upon the United States Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). In *Miller*, the Court held that sentencing a juvenile convicted of a homicide offense to mandatory life imprisonment without parole

_____

[2] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

violates the Eighth Amendment's prohibition to cruel and unusual punishment. ***Montgomery*** clarified that ***Miller*** applies retroactively. Referencing studies relating to the development of the human brain, Appellant asserts that although he was twenty-four years old at the time he committed the instant murder, it would be a violation of equal protection if this Court treated him differently from adolescents under the age of eighteen. Appellant's Brief at 3.

This exact claim was advanced in ***Commonwealth v. Cintora***, 69 A.3d 759 (Pa. Super. 2013). This Court rejected these claims and noted that the "contention that a newly-recognized constitutional right **should** be extended to others does not render a petition timely pursuant to section 9545(b)(1)(iii)." ***Id***. at 764 (emphasis in original); ***see also Commonwealth v. Furgess***, 149 A.3d 90, 94 (Pa. Super. 2016) (reaffirming ***Cintora*** and reiterating that "petitioners who were older than 18 at the time they committed murder are not within the ambit of the ***Miller*** decision and therefore may not rely on that decision to bring themselves within the timebar exception in Section 9545(b)(1)(iii).") More recently, in ***Commonwealth v. Woods***, 179 A.3d 37, 44 (Pa. Super. 2017), citing ***Cintora*** and ***Furgess***, we reaffirmed that because the appellant was over eighteen years old when he committed murder, ***Miller*** did not apply to his case.

Therefore, Appellant's PCRA petition is untimely, and he has failed to plead and prove an exception to the statutory time-bar. Thus, the PCRA court

correctly concluded that it lacked jurisdiction to review the merits of Appellant's petition and properly dismissed it.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/4/18